### RICHARDS *v.* NEW-HAMPSHIRE INSURANCE COMPANY.

An agent or trustee who holds claims of different persons, to each of whom he is under the same obligations, is bound to apply any money which he receives generally, without an appropriation by the debtor, upon those claims *pro rata*.

He is bound to the same diligence to procure payment of claims in his care, as he is of his own.

Directors and managers of insolvent corporations are trustees of the funds, as well for the creditors as for the corporation, and are bound to apply them *pro rata*, and can not use them to exonerate themselves to the injury of other creditors.

IN EQUITY.  The plaintiffs, Richards & Greenough, allege in their bill that, in April, 1856, they were insured by the New-Hampshire Mutual Fire Insurance Company, of which the other defendants were the directors and agents, upon their stock in trade, to the amount of $1800. In December, 1856, the property insured was totally destroyed by fire, of which due notice was given to the company; and on the 22d of October, 1857, $1500 was allowed, by vote of the directors, in satisfaction of their loss; and on the same day the directors voted an assessment of fifteen per cent on all premium notes unexpired on the 15th of December, 1856, to pay their loss; and it was voted that the assessment should be paid on or before December 1, 1857, and that the treasurer notify the members by mail.

That the directors have neglected to collect a great part of the assessment, while the large sum they have collected they have applied wholly to the payment of debts for which they were personally liable, by means whereof the plaintiffs are unpaid.  They pray that the defendant directors may be decreed to pay out of their own funds said $1500, or such part thereof as an assessment duly made and collected would have produced, and for other relief.

The defendants, by their answer, among other things, deny that they have conducted unlawfully or negligently, or have misapplied any of the money of the company, or have neglected to enforce, by all proper means, the collection of the assessment.  They allege that the assessment of fifteen per cent was made to cover all outstanding losses and liabilities of the company, and for interest and expenses, amounting to about $5500, of which the plaintiffs' loss of $1500 was part only; that about $1100 has been collected, which was paid on losses and liabilities of the company which accrued before the plaintiffs' loss, for some of which the directors were individually liable, as sureties on notes of the company, and on no other debts.

Among several questions of fact considered and decided by the court, it was claimed by the plaintiffs that they were entitled to a proportionate part of the money raised by the assessment, which was applied by the directors to the payment of other debts of the corporation, for which they were individually responsible, and which, it was conceded, were of earlier date than the plaintiffs' loss.

*H. F. French*, and *G. C. Bartlett*, for the plaintiffs.

*Christie*, *G. Y. Sawyer*, and *A. F. Stevens*, for the defendants.

BELL, C. J.   It is claimed that the plaintiffs are entitled to a *pro rata* share of the money raised by the assessment, which was applied to the payment of other debts exclusively, on the ground that the directors were trustees, as well of the individual members having claims against the company, as of the company itself.   The applicability of the rule is denied, because the claims thus paid were of earlier date than those of the plaintiffs, and, therefore, ought to be first paid.

We find the rule recognized in this State, on this subject, in the case of *Colby* v. *Copp*, 35 N. H. 434.  "The general rule clearly should be, that when an agent or trustee receives money generally, and he holds claims of different persons, to each of whom he is under the same obligations, he should apply the money ratably to the discharge of all the claims ; and this obligation would be in no way affected by the circumstance that, if the debts were all his own, he would have the undoubted right to apply the money to either of them, at his election.   Every agent and trustee who has claims of his own, must be regarded as agent for himself and others, and bound to give his diligence and care equally to all the claims in his hands, and, consequently, to apply all moneys paid to him, without an appropriation by the debtor, to the payment of all claims in his

care, whether of his own or others, in just proportion to their amounts."

This principle seems to us justly applicable to this case. The defendants were such agents and trustees, bound to apply the funds. raised by the assessment for the general purpose of discharging the debts and liabilities of the insurance company, to the payment of all such debts ratably, and in just proportion to the amount of those claims.

The debts due were, in their origin, all of one class; that is, debts accruing upon the adjustment of losses upon policies. And, within the rule of equity in such cases, it does not seem to us that any sound distinction can be established in favor of the other claimants, on the ground assumed by the defendants that these claims are of earlier date than the plaintiffs'. The assessment was laid equally for the payment of all the debts, without reference to date; and we are unable to perceive that the debt contracted yesterday is not as much due in law and equity as that contracted a year earlier. Neither does it seem to us that the fact that the directors had become personally responsible for the debts which have been paid, furnishes any ground for preferring those debts. The rule is a just one, that an agent is bound to apply the same diligence to obtain payment of debts in his care that he does to recover his own; and sound policy seems to require that the managers of corporations should be held strictly to this rule, that, when the corporations become embarrassed or insolvent, the directors may not apply the assets to exonerate themselves and leave the other creditors without remedy.

Upon this principle we are of opinion that the complainants are entitled to a decree for their ratable proportion of the money collected upon the assessment of October, 1857, against the defendants, who were directors of the company.